SABERS, Justice
(dissenting).
[¶ 15.] The trial court held that the forfeiture of the vehicle valued at $7,400 was grossly disproportionate to the gravity of the offense; that the possible fine which could have been imposed for the offense is substantially less than the value of the *653 vehicle, and therefore, is an excessive fine and unconstitutional.
[¶ 16.] I would affirm the holding of the trial court.
[¶ 17.] This holding was fairly based on the stipulated facts between the parties which in key parts provide:
According to the detectives, the appropriate street value of the methamphet-amines seized from the Defendant’s vehicle is $50.
The appropriate retail value of the Defendant’s vehicle is $7,400.
[¶ 18.] In my view, the majority opinion goes far beyond the stipulated facts and puts its own spin on those facts and relevant law. In paragraph 6, the majority opinion acknowledges that this Court has not addressed the limits imposed by the Eighth Amendment and its South Dakota counterpart, Article VI, Section 23, to the forfeiture of a vehicle. To follow this majority opinion would make it clear that there ARE NO LIMITS and I dissent.
[¶ 19.] MEIERHENRY, Justice, joins this dissent.